**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE LEWIS T. BABCOCK**

Civil Action No. 06-cv-02296-LTB-MEH

THE UNITED STATES OF AMERICA,

    Plaintiff,

v.

802 NORTH MAIN STREET, YUMA, CO

    Defendant.

_____

**MEMORANDUM OPINION AND ORDER**
_____

Babcock, J.

This case is a civil forfeiture action under 21 U.S.C. § 881. The subject property, 802 N. Main Street in Yuma, Colorado, is alleged to have been used in the sales and distribution of methamphetamines. Daniel Lehman ("Lehman"), claimant to the property, has filed a motion to suppress (Docket #21). A hearing was held June 8, 2007 on the specific issue of whether a suppression hearing is warranted. Based on this hearing and on the party's briefs, for the reasons discussed below, Lehman's motion is DENIED, without prejudice..

**I. BACKGROUND**

This case stems from a criminal case, United States v. Lehman, 04-cr-00048-WYD. Lehman was indicted February 10, 2004 for Knowingly and Intentionally Possessing with Intent to Distribute more than 500 grams of a mixture or substance containing a detectable amount of methamphetamines. In the criminal proceeding, Lehman, the owner of the home at 802 N. Main

Street ("the Residence") moved to suppress the evidence seized during the search of the residence on the grounds that the affidavit supporting the search warrant was invalid. Judge Wiley Daniel held a hearing on this motion, and took it under advisement. On February 1, 2006, before Judge Daniel ruled on the suppression motion, Lehman, entered a guilty plea to one count of possession with intent to distribute more than 5 kilograms of methamphetamines. Lehman was sentenced to 35 months on November 15, 2006. As part of his plea agreement, Lehman stipulated that police found at the Residence "over 1400 grams of a mixture or substance containing methamphetamine in various locations throughout the residence" and that "Lehman admits that the methamphetamine was in his knowing possession and that he possessed that controlled substance with the intent to distribute it."

The Government brought this action for *in rem* forfeiture of the subject property on November 15, 2006. Lehman has filed a motion to suppress the fruits of the search, challenging the warrant on grounds different from those in his earlier suppression motion.

## II.  DISCUSSION

Forfeiture proceedings are quasi-criminal in nature and therefore the exclusionary rule applies. *One 1958 Plymouth Sedan v. Com. of Pa.,* 380 U.S. 693, 702, 85 S. Ct. 1246, 14 L. Ed. 2d 170 (1965). Lehman's motion to suppress challenges the sufficiency of the affidavit supporting the search. The Government argues in response both that the affidavit was sufficient to provide probable cause, and that the earlier criminal proceedings estop Lehman from raising a fourth amendment challenge here. The June 8, 2007 hearing, and this Order, address only whether a hearing on Lehman's suppression motion is warranted. I analyze two related but distinct questions. First, is Lehman's motion collaterally estopped by the prior criminal proceeding?

Second, independent of doctrines of collateral estoppel, does Lehman's guilty plea have a preclusive effect here even if his suppression motion was not previously litigated?

A.     Is Lehman Collaterally Estopped from Moving for Suppression?

The Government argues first that Lehman's filing, arguing and abandonment of a suppression motion in the criminal proceeding, and his guilty plea, collaterally estop him from raising this motion here. Under federal law collateral estoppel requires that

> "(1) the issue previously decided is identical with the one presented with the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is involved was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action."

*Dodge v. Cotter Corp.,* 203 F.3d 1190, 1198 (10th Cir. 2000).

Applying this test, collateral estoppel does not apply. The suppression motion in the criminal case is not identical to the motion here. The suppression motion in the earlier case was not adjudicated on the merits, since Judge Daniel never ruled on this motion. There is no dispute that the parties are the same in both cases, and Lehman does not appear to claim that he lacked a full and fair opportunity to raise this issue in the criminal proceeding. Nevertheless, two of the four elements are not satisfied, and so the Government's argument for collateral estoppel fails.

The Government at the hearing conceded that the absence of a judgment on the suppression issue in the criminal proceeding means that "classic" collateral estoppel did not apply, but offered other theories to support its argument.  The Government contends that Lehman is estopped from raising the suppression motion because he withdrew his earlier suppression motion as part of his plea bargain. However, the Government offers no authority for the proposition that

a withdrawn motion constitutes an issue actually litigated to satisfy the test for collateral estoppel. The Government argues that the mere fact that Lehman had the opportunity to raise the suppression issue and chose not do so constitutes abandonment of this defense. However, the Supreme Court has held that a guilty plea in a prior criminal proceeding does not constitute, by itself, an admission of the legality of a search or a waiver of fourth amendment rights in a later civil proceeding, absent some more explicit concession of fourth amendment rights. *See Haring v. Prosise,* 462 U.S. 306, 318-319, 103 S. Ct. 2368, 76 L. Ed. 2d 595 (1983). Here, while Lehman withdrew the specific motion to suppress filed in that case, this motion to suppress is on different grounds and he made no general fourth amendment waiver. Finally, the Government contends that Lehman orally acknowledged the loss of his house at his sentencing hearing when he said: "I lost everything: my career, my business, my home," I do not consider this off-the-cuff statement to constitute an abandonment of a defense.

I conclude that the earlier proceeding did not constitute an actual adjudication of the identical issue raised by Lehman's suppression motion here, and that therefore this motion is not collaterally estopped by the prior proceeding.

B.   <u>Does Lehman's Guilty Plea Confer the Probable Cause Necessary to Support Forfeiture?</u>

Even though Lehman's suppression motion is not collaterally estopped, it faces another, more serious hurdle. Lehman's guilty plea, independent of the disposition of the motion to suppress, may have a preclusive effect in light of the evidentiary burdens in a forfeiture case. (Many courts, including some cited in this order, refer to the preclusive effect of a guilty plea as collateral estoppel. I believe that collateral estoppel is the doctrine that bars the re-litigation of an issue already litigated and judicially determined, while the impact of a guilty plea on satisfying the

elements or evidentiary burden of a future civil litigation is a form of preclusion but is not collateral estoppel.)

To support a seizure in a forfeiture action, the Government must show probable cause of "a connection between the defendant property and the drug activity." *U.S. v. 415 East Mitchell Avenue,* 149 F.3d 472, 476 (6th Cir. 1998). The government bears the initial burden to show probable cause. *U.S. v. One Hundred Forty-Nine Thousand Four Hundred Forty-Two and 43/100 Dollars in U.S. Currency,* 965 F.2d 868, 876 (10th Cir. 1992). Once probable cause is established, the burden shifts to the claimant, who must show by a preponderance of the evidence that "the requested forfeiture does not fall within the four corners of the statute." *Id.* at 876-877. If the claimant is unable to rebut the Government's showing, "probable cause alone will support a judgment of forfeiture." *Id.* at 876.

Relying on *415 East Mitchell Avenue,* the Government argues that Lehman's guilty plea precludes him from challenging the validity of the search, since the plea included his admission that he was in possession of the drugs at the Residence. In *415 East Mitchell Avenue,* the Sixth Circuit concluded that the defendant's suppression motion was defeated by his earlier guilty plea not because the suppression motion had been previously litigated, but because his guilty plea in a state drug case was sufficient to establish probable cause regardless of the validity of the affidavit supporting the search warrant. *415 East Mitchell Avenue,* 149 F.3d at 476. The court reached this conclusion because the defendant, like Lehman in his guilty plea, "admitted that the facts underlying the offense involved the cultivation of marijuana at his residence." *Id.*

The Fifth Circuit reached a similar conclusion in *U.S. v. Monkey,* 725 F.2d 1007, 1011 (5th Cir. 1984), where the owner of a ship, after being convicted on drug charges, challenged the

original seizure of his vessel at the later forfeiture proceeding, arguing that the tainted seizure could not support forfeiture. *Id.* The Fifth Circuit disagreed, stating that once the Government files a forfeiture action, "the validity of a pre-libel seizure is not necessary to sustain the proceeding." *Id.* The relevant inquiry for the purpose of forfeiture is "whether the Government had probable cause to believe the vessel was being used illegally," and not "whether the Government had probable cause when it seized the vessel." *Id.* The Court concluded that "the criminal conviction has an independent legal effect, untainted by the seizure." *Id.* The relevant implication for this case is that even if Lehman's suppression motion is not estopped, and even if he prevails, he has shown only that the original seizure was invalid; he has not shown that the current forfeiture action lacked probable cause.

Lehman, in his brief and at the June 8, 2007 hearing offered numerous arguments in defense of his suppression motion, but they mainly address the narrow issue of whether the motion was "actually litigated" in the criminal proceeding and do not address the preclusive effect of the guilty plea on the probable cause determination for forfeiture. Lehman attempts to distinguish *Monkey* by asserting that all of the issues in *Monkey* had been previously litigated. But, as discussed above, the relevant holding of *Monkey* is that the guilty plea had an independent effect on forfeiture regardless of the validity of the initial seizure. *Monkey,* 725 F. 2d at 1011. Moreover, nothing in *Monkey* suggests that the specific issue of the validity of the seizure had been litigated in the criminal proceeding. Lehman does not address *415 East Mitchell Avenue*.

Lehman also argued at the hearing that denying his motion on preclusion grounds essentially eviscerates the holding of *One 1958 Plymouth Sedan* that the exclusionary rule applies to forfeiture actions, and would open the door to law enforcement agents seizing evidence

illegally and freely using it in forfeiture proceedings without any fourth amendment constraints. However, the implication of *512 East Mitchell Avenue* and *Monkey* is that a guilty plea can satisfy an element of a Government's case – such as probable cause in forfeiture – regardless of the outcome of a suppression motion. A defendant may still contest an invalid seizure for some reason other than contesting probable cause. Also, absent a guilty plea or jury verdict, a forfeiture claimant may still, as in *One 1958 Plymouth Sedan,* challenge illegally seized evidence on fourth amendment grounds. But a claimant cannot use a fourth amendment challenge to somehow negate a guilty plea when that plea admits to facts that are the same as, or satisfy the same elements as, those in a later civil proceeding.

Nor does *Haring,* despite Lehman's arguments to the contrary, demand a different result. In *Haring* the Supreme Court concluded that a guilty plea to a state drug charge did not collaterally estop a later civil claim under 42 U.S.C. § 1983 that the police search of his apartment violated the defendant's fourth amendment rights. 462 U.S. at 309. The *Haring* court concluded that the § 1983 claim was not collaterally estopped because it was not "actually litigated" in the criminal proceeding. *Id.* at 316. The only issue to which the criminal defendant plead guilty was the illegal manufacture of a controlled substance, which is "simply irrelevant to the legality of the search under the Fourth Amendment." *Id.*  While under *Haring* the suppression motion itself is not collaterally estopped, as discussed above, *Haring* does not hold that the Government cannot use a factual statement in Lehman's guilty plea (in this case his admission that he had drugs in his home which he used for distribution) to satisfy elements of its forfeiture action.

The Tenth Circuit reached this precise conclusion in *Jiron v. City of Lakewood,* 392 F.3d 410, 417 (10th Cir. 2004), where it held that a guilty plea in a state criminal proceeding "can have

7

preclusive effect in a subsequent civil proceeding" where the guilty plea involves admitting to facts that are the same as those at issue in later proceeding. (The Supreme Court in *Haring* applied Virginia collateral estoppel law, and the Tenth Circuit in *Jiron* applied Colorado collateral estoppel law, while in this case I apply federal collateral estoppel law. However, nothing suggests that this in any way impacts my conclusion, since the legal tests are all substantially similar, and because the relevant inquiry is on the preclusive effect of the guilty plea on the Government's burden of proof, not on whether the motion to suppress had been actually litigated or resolved.)

While *Monkey* and *512 East Mitchell Avenue* hold that a criminal guilty plea can establish probable cause for forfeiture, this alone does not resolve the narrow issue before me. Lehman makes his fourth amendment challenge, unlike those in *Monkey* and *512 East Mitchell Avenue,* not to defeat probable cause in the context of a motion for summary judgment, but in order to limit the scope of the potential evidence available to the Government at trial. Indeed, at the June 8, 2007 hearing Lehman conceded that his guilty plea would be admissible at trial as evidence against him. He nevertheless argued that to disallow his suppression motion at this point would prejudice him at trial.

This argument has merit. Since no motion for summary judgment is currently before me I cannot evaluate how Lehman's challenge to the seized evidence fits into the framework of the burdens of proof in this forfeiture case. To deny Lehman a suppression hearing in this context would mean determining now that the evidence at issue is irrelevant to the outcome of this case. However, to schedule a suppression hearing in light of the persuasive precedent that a guilty plea under these circumstances independently confers probable cause poses a substantial risk of a

waste of judicial resources, since the Government indicated at the June 8, 2007 hearing that it will file a motion for summary judgment.

Accordingly, I deny this motion to suppress without prejudice. This motion is not collaterally estopped, but it may be precluded by Lehman's guilty plea, depending on how Lehman tries to meet his own evidentiary burdens at summary judgment. At a later point in this proceeding it may be timely to re-consider the appropriateness of this suppression motion.

It is So Ordered that Claimant's Motion to Suppress Fruits of Search (Docket #21) is DENIED WITHOUT PREJUDICE.

**DONE and ORDERED,** this   12th   day of June, 2007 at Denver, Colorado.


    s/Lewis T. Babcock
United States District Judge